IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HUNG QUANG TRAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CASE NO. 4:10-cv-03514 |
| § | |
| BAC HOME LOANS SERVICING, LP, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Before the Court is Defendant BAC Home Loans Servicing, LP's Motion for Summary Judgment and Brief in Support ("Motion"). (Doc. No. 12.) After considering the Motion, all responses and replies thereto, and the applicable law, the Court concludes that the Motion must be **GRANTED.**

### I. BACKGROUND[1]

Plaintiff Hung Quang Tran ("Plaintiff" or "Tran") was previously the owner of a residence in Spring, Texas ("the Property"). Tran's home loan was serviced by BAC Home Loans Servicing, LP ("Defendant" or "BAC"). When Tran defaulted on his monthly payments, BAC sent him a letter informing him that he may be eligible to participate in the federal government's Making Homes Affordable Program (HAMP). BAC sent the relevant HAMP application documents to Tran for him to fill out and return no later than August 20, 2010. While Tran and BAC were working to modify the loan, BAC's counsel sent Tran a letter stating that there would be a Trustee's Sale of the

---

[1] All facts are taken from Tran's Second Amended Complaint. (Doc. No. 25.)

1

Property on August 3. Tran was out of the country, and so did not receive BAC's letter. The Property was sold in his absence.

Tran filed a lawsuit against BAC in state court, and BAC removed to federal court pursuant to this Court's diversity jurisdiction. In its Second Amended Complaint, Tran claims that BAC and its agents, representatives and attorneys did not comply with the United States Treasury Department Supplemental Directive 10-2, which governs the HAMP program. That provision states, in relevant part:

> A servicer may not refer any loan to foreclosure or conduct a scheduled foreclosure sale unless and until at least one of the following circumstances exists:
>
> - The borrower is evaluated for HAMP and is determined to be ineligible for the program; or
> - The borrower is offered a trial period plan, but fails to make a trail period payment by the last day of the month in which such payment is due; or
> - The servicer has established right party contact, has sent at least two written requests asking the borrower to supply required information in accordance with this Supplemental Directive and has otherwise satisfied the Reasonable Effort solicitation standard, and the borrower failed to respond by the dates indicated in the requests; or
> - The borrower or co-borrower states he or she is not interested in pursuing a HAMP modification and such statement is reflected by the servicer in their servicing system.
>
> Any foreclosure action will be temporarily suspended during the trial period, or while borrowers are considered for alternative foreclosure prevention options. In the event that the Home Affordable Modification or alternative foreclosure prevention options fail, the foreclosure action may be resumed.

By going forward with sale of the Property, Tran contends, BAC violated the terms of Supplemental Directive 10-2. Tran alleges that he suffered damages as a result of BAC's wrongful foreclosure of the Property.

2

## II. LEGAL STANDARD

The party seeking summary judgment bears the burden of demonstrating that there is no actual dispute as to any material fact of the case. *Willis v. Roche Biomed. Lab.*, 61 F.3d 313, 315 (5th Cir. 1995) (citing *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)); FED. R. CIV. P. 56(a). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2011) (internal quotations omitted). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.*

Furthermore, the summary judgment standard "provides that the mere existence of *some* factual dispute will not defeat a motion for summary judgment; Rule 56 requires that the fact dispute be *genuine* and *material*." *Willis*, 61 F.3d at 315. First, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law are material." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Second, a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Anderson*, 477 U.S. at 248).

Conclusory allegations and unsubstantiated assertions do not satisfy the non-movant's summary judgment burden. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))); *Topalian v. Ehrman*, 954 F.2d 1125,

1131 (5th Cir. 1992) ("Mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment."). "Nor may non-movants rest upon mere allegations made in their pleadings without setting forth specific facts establishing a genuine issue worthy of trial." *Topalian*, 954 F.2d at 1131. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the precise manner in which that evidence support[s][its] claim[s]." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (internal quotation omitted).

### III.   ANALYSIS

Although the Fifth Circuit has yet to rule on the issue, the majority of courts have held that HAMP does not create a private right of action in a borrower. *Mortberg v. Litton Loan Servicing, L.P.*, No. 4:10-CV-667, 2011 WL 4421946 (E.D. Tex. Aug. 30, 2011) (dismissing plaintiff's claims for negligence because no private right of action for borrowers exists under HAMP); *Cade v. BAC HomeLoans Serv., LP*, No. H-10-4224, 2011 WL 2470733, at *2 (S.D. Tex. June 20, 2011) (declining to find a private right of action under HAMP and observing that the majority of courts have "declined to find a private right, and further rejected the theory that borrowers are intended third-party beneficiaries of the HAMP Servicer Participation Agreement"); *Akintunji v. Chase Home Finance L.L.C.*, No. H-11-389, 2011 WL 2470709, at *4 (S.D. Tex. June 20, 2011) ("There is no private cause of action under HAMP."); *Singh v. Wells Fargo Bank*, No. 1:10-CV-1659 AWI SMS, 2011 WL 66167, at *7 (E.D. Cal. Jan. 7, 2011) ("[I]t is well established that there is no private cause of action under HAMP."); *Hart v. Countrywide Home Loans, Inc.*, 735 F.Supp.2d 741, 748 (E.D. Mich. 2010) (noting that there is no

express or implied right to sue fund recipients under HAMP because HAMP does not create a private right of action); *Zeller v. Aurora Loan Servs., LLC*, No. 3:10cv00044, 2010 WL 3219134, at *1 (W.D. Va. Aug. 10, 2010) (determining that HAMP does not create a private right of action for a borrower to recover for an alleged breach of a loan modification); *Wright v. Bank of Am., N.A.*, No. CV10-01723 JF (HRL), 2010 WL 2889117, at *4 (N.D. Cal. July 22, 2010) (stating that it is "obvious that [HAMP] does not secure an enforceable right for [borrowers]"); *Hoffman v. Bank of Am., N.A.*, No. C10-2171 SI, 2010 WL 2635773, at *5 (N.D. Cal. June 30, 2010) ("Lenders are not required to make loan modifications for borrowers that qualify under HAMP nor does the servicer's agreement confer an enforceable right on the borrower."); *Simon v. Bank of Am., N.A.*, No. 10-cv-00300-GMN-LRL, 2010 WL 2609436, at *10 (D. Nev. June 23, 2010) ("Other courts have consistently held that the [HAMP] does not provide borrowers with a private cause of action against lenders."); *Marks v. Bank of Am., N.A.*, No. 03:10-cv-08039-PHX-JAT, 2010 WL 2572988, at *4 (D. Ariz. June 22, 2010) ("Allowing such a large number of potential plaintiffs [by conferring third-party beneficiary status under HAMP] clearly contravenes the purpose of the HAMP as an administrative tool to effectuate the goals of the EESA.").

Consistent with the majority of courts to decide the issue, the Court determines that HAMP does not provide for a private cause of action. Although Tran is surely within the category of individuals HAMP sought to protect, this Court "cannot bypass Congressional authority to strengthen enforcement measures ... by manufacturing a private right of enforcement that does not presently exist." *Cade*, 2011 WL 2470733, at

*3. Tran does not allege any other causes of action in his Complaint. The Court must therefore grant BAC's Motion.

### IV. CONCLUSION

For the above stated reasons, the Court hereby **GRANTS** BAC's Motion for Summary Judgment.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 24th day of October, 2011.

_____
KEITH P. ELLISON
**UNITED STATES DISTRICT COURT JUDGE**

6